Bradley C. Gage, Esq., Cal. S.B. No. 117808
(email: bgage@goldbergandgage.com)
Milad Sadr, Esq., Cal. S.B. No. 245080
(msadr@goldbergandgage.com)
**LAW OFFICES OF GOLDBERG & GAGE**
A Partnership of Professional Law Corporations
23002 Victory Boulevard
Woodland Hills, California 91367
Tel: (818) 340-9252  Fax: (818) 340-9088

Ben Crump, Esq., FL S.B. No. 72583 subject to admission pro hac vice.
(email: ben@bencrump.com)
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
Florida Bar Number 0072583

Attorneys for Plaintiffs,
THE ESTATE OF ROB MARQUISE ADAMS; TAMIKA KING; ROBERT ADAMS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ROB MARQUISE ADAMS, by and through its Personal Representatives, TAMIKA KING, and ROBERT ADAMS; TAMIKA KING, individually; ROBERT ADAMS, individually, | CASE NO. _____ |
| | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| Plaintiffs, | |
| v. | 1.  UNREASONABLE SEIZURE OF PERSON |
| | 2.  CIVIL BATTERY |
| CITY OF SAN BERNARDINO, and DOES 1-10, inclusive, | 3.  WRONGFUL DEATH |
| | 4.  NEGLIGENCE |
| | 5.  BANE ACT |
| Defendants. | |

## GENERAL ALLEGATIONS

1.    COME NOW, TAMIKA KING, and ROBERT ADAMS, who demand a jury trial

and seek monetary compensation against all Defendants, as follows:

**COMPLAINT FOR DAMAGES**                                                    1

**SUMMARY OF CLAIMS**

2.     On Saturday July 16, 2022, Rob Marquise Adams was shot seven times without justification.  Most of those shots were in his back region.  Based upon information and belief, the officer(s) who shot Rob have had prior acts of excessive force and/or constitutional violations brought against them. Yet, the defendants have ratified and approved of the actions of the shooter(s).

**VENUE AND JURISDICTION**

3.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

4.     Plaintiff TAMIKA KING, at all times mentioned herein, was an individual residing in the City of San Bernardino, State of California. TAMIKA KING is the mother of the decedent, Rob Marquise Adams. TAMIKA KING, sues as an individual in her own right, and as the Personal Representative of the Estate of Rob Marquise Adams, as defined by Section 377.60 of the California Code of Civil Procedure, as a successor in interest, heir, and personal legal representative of the decedent to seek redress for the deprivation of the decedent's rights and for those damages that the decedent sustained and incurred before death, and the decedent would have been entitled to recover, had he lived as defined by Section 377.34 of the California Code of Civil Procedure.

5.     Plaintiff, ROBERT ADAMS at all times mentioned herein, was an individual residing in the City of San Bernardino, State of California. ROBERT ADAMS is the father of the decedent, Rob Marquise Adams.  ROBERT ADAMS, sues as an individual in his own right, and as the Personal Representative of the Estate of Rob Marquise Adams, as defined by Section 377.60 of the California Code of Civil

**COMPLAINT FOR DAMAGES**                                                              2

Procedure, as a successor in interest, heir, and personal legal representative of the decedent to seek redress for the deprivation of the decedent's rights and for those damages that the decedent sustained and incurred before death, and the decedent would have been entitled to recover, had he lived as defined by Section 377.34 of the California Code of Civil Procedure.

6. Plaintiffs are informed and believe, and thereon allege that, at all relevant times herein, Defendant, CITY OF SAN BERNARDINO (hereinafter "CITY" or "defendant CITY" or "Defendants"), was a public entity duly organized and existing under the laws of the State of California.

7. Defendants DOES 1-4 ("DOE POLICE OFFICERS") are peace officers working for the City of San Bernardino Police Department ("SBPD"). At all relevant times, DOE POLICE OFFICERS were acting under color of law within the course and scope of their duties as peace officers for the SBPD. DOE POLICE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

8. Defendants DOES 5-10 are managerial, supervisorial, and policymaking employees of the SBPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SBPD. DOES 5-10 were acting with the complete authority and ratification of their principal, Defendant CITY. Said Defendants are also designated herein as part of the DOE POLICE OFFICERS.

9. On information and belief, DOES 1-10 were residents of the County of San Bernardino and the Central District.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE POLICE OFFICERS were acting on the implied and actual permission and consent of Defendants DOES 1-10 and the CITY.

11. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who

**COMPLAINT FOR DAMAGES**                                                                                 3

otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend their complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

12. At all times mentioned herein, each and every defendant was the co-conspirator with, and/or agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

13. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

14. DOES 1-10 are sued in their individual capacity as well as representative capacities.

15. On or about July 26, 2022, Plaintiffs filed comprehensive and timely claims for damages with the CITY pursuant to applicable sections of the California Government Code.

## FACTUAL ALLEGATIONS

16. On Saturday, July 16, 2022, ROB, a 23 year old resident of San Bernardino city, was in a parking lot on Highland Avenue behind Golden Valley Medical, talking to his friend and also talking to his mother on the phone. (Based on information and belief, the defendants attempted to destroy the evidence of that phone call.)

17. At or around 7:58-8:04p.m., an unmarked car drove into the parking lot. The unmarked car stopped and defendants exited the vehicle with guns aimed at ROB. Defendants never identified themselves as police officers or law enforcement. Defendants were in plain clothes and did not exhibit any outward physical

COMPLAINT FOR DAMAGES                                                                    4

appearance of being police officers. Defendants did not attempt to question ROB or give commands. There was no verbal exchange.  Defendants did not adhere to proper training or tactics.  They immediately started to shoot at ROB as he ran away towards a wall between two parked cars.

18.   ROB had no visible weaponry of any sorts and did not pose an immediate threat to the safety of any officers or others.  He was speaking on a cell phone with his mother.

19.   Defendants without justification shot ROB seven times primarily in the back as he was running away.   (Defendants have also attempted to hide and conceal the autopsy report, videos of that autopsy and pictures from the autopsy.)

20.   Moreover, Defendants employed poor tactics in their interaction and seizure of ROB.  Based on information and belief, one or more DOE POLICE OFFICERS had prior complaints of excessive force, covering up such claims and or writing or making false allegations in police reports and/or other acts of violence or excessive force brought against defendant CITY.

21.   As a direct and legal result of  Defendants' excessive force, ROB succumbed to his gun shot wounds and died shortly after. After ROB's unjustifiable shooting, he was transported in an ambulance.  Before he died, Rob suffered with extreme pain, suffering and emotional distress.

## FIRST CLAIM FOR RELIEF
### FOR UNREASONABLE SEIZURE OF PERSON
### BY THE ESTATE OF ROB MARQUISE ADAMS AGAINST DEFENDANTS
### DOES 1-10 ("DOE POLICE OFFICERS")

22.   Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if realleged herein.

23.   Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.

24. As alleged in detail herein, on or about July 16, 2022, Defendants shot and killed Rob Adams without provocation, good cause, or any legal justification.

    a. On or about July 23, 2022, SBPD Police Chief Goodman "admits that man [ROB] killed by police wasn't directly threatening officers." Moreover, ROB was not a threat to anyone.

    b. ROB ran away from unidentified individuals in an unmarked vehicle who did not identify themselves as police officers or objectively exhibit any indication of being police officers. More importantly, these unidentified individuals jumped out of the unmarked vehicle and started shooting at ROB, who objectively was afraid for his life.

    c. Deadly force was completely unnecessary. But police officers failed to utilize alternative measures readily available to them.

    d. DOE POLICE OFFICERS created a deadly and unsafe environment for ROB and other bystanders by failing to identify themselves and immediately resorting to deadly force.

    e. There was no known call for police service and ROB was doing nothing more than admiring his friend's new car in the parking lot when he was shot.

    f. There was NO probable cause for a reasonable officer to believe that ROB had committed a crime involving the infliction or threatened infliction of serious physical harm or any crime.

    g. It was more than practical for the officers to give warning of the imminent use of force, but no such warnings were given. Instead, the officers decided to "shoot first and ask questions later." As such, they acted as the "judge, jury and executioner" of ROB who was a Black Man.

25. Despite the totality of the circumstances fully reflective that any force, let alone deadly force, was unnecessary, DOE POLICE OFFICERS shot and killed ROB.

26. ROB did not die immediately and thus he endured pain, suffering, fear and emotional distress before his death.

---

**COMPLAINT FOR DAMAGES**                6

27. The conduct of defendants directly and legally caused Rob Adams' death. That death resulted in medical, hospital and surgical bills, burial and funeral expenses, loss of earnings or earnings capacity, loss of support and other damages.

28. As a direct result of the conduct of defendants, Plaintiffs have suffered with economic and non economic damages in a sum according to proof at time of trial, and in excess of the minimum jurisdiction of this court.

29. The damages that plaintiffs suffered from also include, but are not limited to, loss of consortium, loss of companionship, care, love and affection, past, present and/or future medical, psychological, psychiatric and/or hospital bills and expenses for treatment for pain, suffering, emotional distress and other injuries caused by the conduct of defendants and each of them. General (non economic) damages are also sought for emotional distress, grief, anger, fear, trepidation, and chagrin, in a sum according to proof and in excess of the minimum jurisdiction of this court as well as for the loss of the use of money, pre and post judgment interest, litigation costs, attorneys' fees, civil penalties and fines as allowed by law,  and such other damages set out during trial.

30. The aforementioned acts of said defendants were willful, wanton, malicious and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to all non-municipal defendants. NO punitive damages are sought against the City of San Bernardino which is statutorily immune from such claims.

### SECOND CLAIM FOR RELIEF
### FOR CIVIL BATTERY
### BY THE ESTATE OF ROB MARQUISE ADAMS
### AGAINST ALL DEFENDANTS

31. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if re-alleged herein.

32. Pursuant to Cal. Government Code §§ 815.2, 815.3, Defendant CITY is liable for

---

**COMPLAINT FOR DAMAGES** 7

the acts and/or omissions of Defendant POLICE OFFICERS since committed in the course and scope of employment.

33. As alleged in detail herein, on or about July 16, 2022, Defendants shot and killed Rob Adams without provocation, good cause, or any legal justification. This intentional act was harmful and offensive to Rob Adams who did not consent to the shooting, or being killed. He did not die immediately and thus he endured pain, suffering, fear and emotional distress before his death.

34. The conduct of defendants directly and legally caused Rob Adams' death. That death resulted in medical, hospital and surgical bills, burial and funeral expenses.

35. As a direct result of the conduct of defendants, Plaintiffs have suffered with economic and non economic damages in a sum according to proof at time of trial, and in excess of the minimum jurisdiction of this court.

36. The damages that plaintiffs suffered from also include, but are not limited to economic damages including without limitation, loss of past, present and/or future medical, psychological, psychiatric and/or hospital bills and expenses for treatment for pain, suffering, emotional distress and other injuries caused by the conduct of defendants and each of them. Non-economic or general damages are also sought for all such damages allowed by law, which include without limitation, emotional distress, grief, anger, fear, trepidation, and chagrin, loss of consortium, loss of companionship, care, love and affection in a sum according to proof and in excess of the minimum jurisdiction of this court as well as for the loss of the use of money, pre and post judgment interest, litigation costs, attorneys' fees and such other damages set out during trial.

37. The aforementioned acts of said defendants were willful, wanton, malicious and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to all non-municipal defendants. NO punitive damages are sought against the City of San Bernardino which is statutorily immune from such claims.

**COMPLAINT FOR DAMAGES**                                                                8

### THIRD CLAIM FOR RELIEF
### WRONGFUL DEATH
### BY THE ESTATE OF ROB MARQUISE ADAMS
### AGAINST ALL DEFENDANTS

38.    Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if realleged herein.

39.    Pursuant to Cal. Government Code §§ 815.2, 815.3, Defendant CITY is liable for the acts and/or omissions of Defendant POLICE OFFICERS since committed in the course and scope of employment.

40.    The actions of defendants CITY and DOES 1 - 10 and each of them, were carried out under color of authority as the City of San Bernardino officers were acting within the course and scope of their employment at all relevant times.

41.    On or about July 16, 2022, Defendants acting in their official capacity as peace officers for the City of San Bernardino, had in their possession weapons issued, and approved by their employer the City of San Bernardino. Defendants used their weapons to kill Rob Adams by shooting him multiple times without justification.

42.    As a direct, legal and proximate result of the shooting, Plaintiffs have sustained pecuniary and non-pecuniary damages resulting from the loss of society, comfort, companionship, attention, services and support of the decedent in an amount in excess of the jurisdictional limit of the Court and subject to proof at trial.

43.    As a further direct, legal and proximate result of the acts or omissions of the aforesaid defendants as herein alleged, plaintiffs have incurred special damages, including but not limited to Rob Adams' funeral and burial damages, in excess of the jurisdictional limit of this Court and subject to proof at trial.

44.    As further proximate result of the acts or omissions on the part of the defendants, plaintiffs have sustained pecuniary damages resulting from the loss of financial and household contributions that decedent could have reasonably been expected to provide had he not been killed.

45.   The aforementioned acts of said defendants were willful, wanton, malicious and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to all non-municipal defendants. No punitive damages are sought against defendant City.  It is statutorily immune.

### FOURTH CLAIM FOR RELIEF
### FOR NEGLIGENCE
### BY THE ESTATE OF ROB MARQUISE ADAMS
### AGAINST ALL DEFENDANTS

46.   Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if realleged herein.

47.   The CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the course and  scope of the employment if the employee's act would subject him or her to liability.

48.   Police officers, including Defendants DOE POLICE OFFICERS, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

49.   Defendants DOE POLICE OFFICERS breached this duty of care. The actions and inactions of Defendants POLICE OFFICERS were negligent and reckless, including but not limited to:

    a.   the failure to properly and adequately assess the need to use deadly force against DECEDENT;

    b.   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

    c.   the negligent use of deadly force against DECEDENT;

d.    the failure to provide prompt medical care to DECEDENT;

e.    the failure to properly train and supervise employees, both professional and non-professional, including DOE POLICE OFFICERS, with respect to the use of deadly force;

f.    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

g.    Ratification of prior acts of excessive force, or fabrication of evidence; and

h.    the negligent communication of information during the incident.

50.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Plaintiffs also have been deprived of the life-longlove, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

51.    Plaintiffs bring this claim individually and as successors in interest to DECEDENT, and seek both wrongful death and survival damages under this claim.

## FIFTH CLAIM FOR RELIEF

## BANE ACT

## BY THE ESTATE OF ROB MARQUISE ADAMS

## AGAINST ALL DEFENDANTS

52.    Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if realleged herein.

53.    Defendants acted violently against ROB to prevent him from exercising his rights under federal and state laws, e.g., freedom of bodily integrity, freedom from unlawful seizure, freedom from unlawful restraint on movement/liberty.

54.    Defendants intended to deprive ROB of his enjoyment of the interests protected by federal and state laws.

---

**COMPLAINT FOR DAMAGES**                                                        **11**

55.   ROB was harmed as were the other plaintiffs herein.

56.   Defendants' conduct was a substantial factor in causing ROB's harm.

57.   The conduct of defendants directly and legally caused Rob Adams' death. That death resulted in medical, hospital and surgical bills, burial and funeral expenses.

58.   As a direct result of the conduct of defendants, Plaintiffs have suffered with economic and non economic damages in a sum according to proof at time of trial, and in excess of the minimum jurisdiction of this court.

59.   The damages that plaintiffs suffered from also include, but are not limited to, loss of consortium, loss of companionship, care, love and affection, past, present and/or future medical, psychological, psychiatric and/or hospital bills and expenses for treatment for pain, suffering, emotional distress and other injuries caused by the conduct of defendants and each of them. General damages are also sought for emotional distress, grief, anger, fear, trepidation, and chagrin, in a sum according to proof and in excess of the minimum jurisdiction of this court as well as for the loss of the use of money, pre and post judgment interest, litigation costs, attorneys' fees and such other damages set out during trial.

60.   The aforementioned acts of said defendants were willful, wanton, malicious and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to all non-municipal defendants. NO punitive damages are sought against the City of San Bernardino which is statutorily immune from such claims.

WHEREFORE, Plaintiffs pray for the following:

1.   Compensation for both economic and non-economic damages suffered and to be suffered;

2.   Legal and other expenses incurred by Plaintiffs;

3.   Compensatory damages and nominal damages caused by deprivation of Plaintiff's constitutional rights;

4.   Litigation costs;

**COMPLAINT FOR DAMAGES**                                                                 12

5.    Attorneys' fees, as allowed by statute;

6.    Interest;

7.    Civil Penalties as allowed by law.

8.    Punitive damages (against the non-municipal Defendants only);

9.    Any other relief or damages allowed by law, or statutes not set out above, and such further relief as this Court deems just and proper at conclusion of trial.

Date: December 15, 2022

Respectfully Submitted,
Law Offices of GOLDBERG & GAGE
A Partnership of Professional Law Corporations
and The BEN CRUMP LAW FIRM

By _____
Bradley C. Gage
Ben Crump
Milad Sadr
Attorneys for Plaintiffs

O:\A\ADAMS-ROB\PLEADINGS\COMPLAINT\12-15-22 - ADAMS - COMPLAINT- FINAL.wpd

**COMPLAINT FOR DAMAGES**                                    **13**