**STEVEN J. ROTHANS**-State Bar No. 106579
**YARON F. DUNKEL**-State Bar No. 215873
**SCOTT CARPENTER**-State Bar No. 253339
**CARPENTER, ROTHANS & DUMONT LLP**
500 South Grand Avenue, 19th Floor
Los Angeles, CA 90071
(213) 228-0400 / (213) 228-0401 (Fax)
srothans@crdlaw.com / ydunkel@crdlaw.com / scarpenter@crdlaw.com

Attorneys for Defendant, City of San Bernardino, a public entity

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ROB MARQUISE ADAMS, by and through its Personal Representatives, TAMIKA KING, and ROBERT ADAMS; TAMIKA KING, individually; ROBERT ADAMS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN BERNARDINO, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:22-cv-02206-JGB-SP<br><br>**DEFENDANT CITY OF SAN BERNARDINO'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW Defendant City of San Bernardino, a public entity, hereby answering the Complaint for Damages filed by Plaintiffs Tamika King and Robert Adams in the above-entitled action for itself and for no other defendants admits, denies, and alleges as follows:

///

## ADMISSIONS AND DENIALS

1. Answering paragraphs 1, 14, and 51 of the Complaint, this answering defendant states that these paragraphs are characterizations of the Complaint to which no response is required, but otherwise this answering defendant lacks sufficient information or belief to enable it to answer said paragraphs, and on that ground, denies each and every allegation contained therein.

2. In response to paragraph 2 of the Complaint, this answering defendant admits that the underlying incident occurred on July 16, 2022, but otherwise denies the remaining allegations contained therein.

3. Answering paragraph 3 of the Complaint, this answering defendant admits that jurisdiction and venue are proper.

4. Answering paragraphs 4, 5, 7-11, and 26 of the Complaint, this answering defendant does not have sufficient information or belief to enable it to answer said paragraph, and on that ground, denies each and every allegation contained therein

5. Answering paragraph 6 of the Complaint, this answering defendant admits that the City of San Bernardino is a public entity organized and operating under the laws of the State of California.

6. Answering paragraphs 12, 13, 18, 19, 20, 24, 25, 27, 28, 29, 30, 34, 35, 36, 37, 40, 42, 43, 44, 45, 49, 50, 53, 54, 55, 56, 57, 58, 59, and 60 of the Complaint, this answering defendant denies each and every allegation set forth therein.

7. Answering paragraph 15 of the Complaint, this answering defendant admits that these plaintiffs filed a Claim for Damages on or about July 26, 2022. With respect to the contentions of law set forth in the paragraph, this answering defendant states that no answer is required, but otherwise denies the allegations therein.

///

8. In response to paragraphs 16, 17, 21, 33, and 41 of the Complaint, this answering defendant admits that the underlying incident occurred on July 16, 2022 in the City of San Bernardino and resulted in decedent's death, but otherwise denies the remaining allegations therein.

9. Answering paragraphs 22, 31, 38, 46, and 52 of the Complaint, this answering defendant incorporates its admissions and denials to each of the preceding paragraphs.

10. Answering paragraphs 23, 32, 39, 47, and 48 of the Complaint, this answering defendant states no response is required to the contentions of law set forth in the paragraph, but otherwise states that the law speaks for itself and denies the allegations set forth therein.

## AFFIRMATIVE DEFENSES

1. The Complaint, as a whole, fails to state facts sufficient to constitute a claim upon which relief can be granted against this defendant.

2. The Complaint fails to state a claim (cause of action) against this defendant under 42 U.S.C. § 1983, including but not limited to violations of the Fourth and Fourteenth Amendments.

3. Any and all force used by this defendant or its agents and/or employees during the incident complained of was objectively reasonable under the totality of circumstances.

4. Any alleged acts or omissions by this answering defendant was superseded by the negligence or intentional acts of decedent and/or third parties whose negligence intervened and was the sole and proximate cause of any detriment that plaintiffs have alleged in the Complaint.

5. Any individual defendants and/or DOE Defendants are entitled to qualified immunity because they did not violate plaintiffs, or the decedent, of an underlying constitutional right.

6. Any individual defendants and/or DOE Defendants are entitled to qualified immunity because the applicable law governing the use of deadly force under the circumstances of this officer-involved shooting was not clearly established, and since a reasonable peace officer in his/her position could have believed his/her conduct was lawful.

7. Any force used was privileged as being reasonably necessary, and being believed to be so necessary, to lawful self-defense, defense of third parties, and any individual defendants and/or DOE Defendants.

8. Pursuant to California Penal Code § 834(a), decedent knew or should have known that he was being detained and/or arrested by a peace officer and had the affirmative duty to cooperate and refrain from using force or any weapon to resist such arrest.

9. Pursuant to *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

10. At no time relevant to this litigation did the plaintiffs sustain any violation of their civil rights or those of decedent pursuant to a governmental policy, habit, or custom, thereby precluding any claim (cause of action) for violations of civil rights.

11. The Complaint fails to state facts sufficient to constitute a *Monell* violation, in that there did not exist a custom, practice or policy that led to a violation of the plaintiffs' civil rights.

12. The actions of this defendant and its employees in all respects were objectively reasonable, proper, and lawful.

13. This answering defendant is not legally responsible for the acts and/or omissions of the DOE defendants.

///

14. An award of punitive damages is not proper against a government entity such as this answering defendant.

15. Liability for punitive damages is precluded by the absence of malice, in general, and the absence of clear and convincing evidence thereof, in particular, as required by Civil Code Section 3294 (a) and (c), and pursuant to Government Code §818, and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

16. This action is barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 338, 339, 340, and 342.

17. Plaintiffs' claims are barred by the doctrine of unclean hands.

18. Plaintiffs' claims are barred by the doctrine of laches.

19. Plaintiffs have failed to join all necessary parties to this action.

20. Any recovery on the plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiffs' comparative fault, the comparative fault of the decedent, and/or the comparative fault of others.

21. Any recovery on the plaintiffs' Complaint, or any purported cause of action alleged therein, is barred by the doctrine of waiver.

22. Any recovery on the plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiffs' failure to mitigate their damages.

23. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

24. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

25. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion is abused.

26. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

27. To the extent the Complaint seeks damages for any state tort claims, those claims are barred in that the plaintiffs has failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of Government Code sections 900, 901, 910, and 911.2; furthermore, the Claim for Damages submitted does not authorize the various state torts set forth in the plaintiffs' Complaint.

28. Defendant and its agents, officers or employees are immune from civil liability pursuant to Government Code §§ 810 et. seq, including but not limited to Sections 818.2, 815, 815.2, 818, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.6, 821.8, 822.2, 844.6, 844, 844.6, 845, 845.2, 845.4, 845.6, 845.8, 846, and 856; Civil Code section 43.55; and Penal Code sections 243, 834, 835, 836, 836.5, 847 and 1389.

29. Plaintiffs seek damages not allowed or authorized by law.

30. This answering defendant asserts that the acts complained of by plaintiffs were provoked by the decedent's unlawful and wrongful conduct in that he willfully, maliciously, unlawfully, and wrongfully interfered with the lawful orders of a police officer(s), and purposefully resisted, delayed and/or obstructed the detention, arrest and/or investigatory orders, despite requests that he desist, and continued to do so.

31. Defendant reserves the right to amend and assert additional defenses as they become known.

///

WHEREFORE, Defendant City of San Bernardino prays as follows:

1. That the plaintiffs take nothing by way of their Complaint for Damages.
2. That defendant recovers the costs of suit incurred herein.
3. That defendant recovers reasonable attorney's fees incurred herein.
4. That the Court award such other and further relief as it deems just and proper.

DATED: January 10, 2023          CARPENTER, ROTHANS & DUMONT LLP

By:   */s/ Scott J. Carpenter*
STEVEN J. ROTHANS
YARON DUNKEL
SCOTT J. CARPENTER
Attorneys for Defendant,
City of San Bernardino

DEFENDANT CITY OF SAN BERNARDINO'S
ANSWER TO COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1, Defendant City of San Bernardino hereby demands a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: January 10, 2023        CARPENTER, ROTHANS & DUMONT LLP

By:   /s/ Scott J. Carpenter
STEVEN J. ROTHANS
YARON DUNKEL
SCOTT J. CARPENTER
Attorneys for Defendant,
City of San Bernardino